IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

ROBERT WALL, #13965-052                                                            PLAINTIFF

VERSUS                                                         CIVIL ACTION NO. 5:09cv50-DCB-MTP

MS. BENDER, et al.                                                     DEFENDANTS

## **MEMORANDUM OPINION AND ORDER**

On October 28, 2008, Plaintiff filed a complaint and requested *in forma pauperis* status in the United States District Court for the District of Columbia. A order [4] transferring the instant complaint to this district court was entered on December 4, 2008, and was received by this district court on April 1, 2009. According to the docket entries, an order [13] was subsequently entered on September 8, 2009, directing the Plaintiff to respond on or before September 30, 2009. Plaintiff was warned that failure to comply or failure to advise this Court of a change of address could result in the dismissal of the instant civil action.[1]

When Plaintiff failed to comply with the order [13] of September 8, 2009, an order to show cause [14] was entered. That order [14] directed Plaintiff to respond on or before November 2, 2009, and it further warned Plaintiff that his failure to comply or failure to advise this Court of a change of address would result in the dismissal of the instant civil action without further notice. A review of the docket entries reveals that the envelope [15] containing the order to show cause [14] was returned by the postal service with a notation "Return to Sender - Not Deliverable - Unable to Forward" and filed in this Court on October 29, 2009.

The plaintiff has failed to communicate with the Court, either to inquire as to the status of his case, comply with the orders of this Court or to provide the Court with a current address,

---

[1]The Court finds that Plaintiff had been advised by this Court in previous orders [6, 8, 9, 10, and 11] that he was responsible for notifying this Court of any change of address.

since August 26, 2009, when he filed a response [12]. Plaintiff was aware of his responsibility to keep this Court advised of any change of address. Since Plaintiff has failed to do so, it is apparent that he lacks interest in pursuing this claim.

This Court has the authority to dismiss an action for the plaintiff's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE and under its inherent authority to dismiss the action *sua sponte*. *See Link v. Wabash Railroad*, 370 U.S. 626 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court. *Link, supra*, 370 U.S. at 630.

Since the defendant has never been called upon to respond to the plaintiff's pleading, and has never appeared in this action, and since the Court has never considered the merits of plaintiff's claims, the Court's order of dismissal will be without prejudice. *Shaw v. Estelle*, 542 F.2d 954 (5th Cir. 1976).

A final judgment in accordance with this Memorandum Opinion and Order will be entered.

This the   18th   day of November, 2009.

                                                  s/ David Bramlette
                                       UNITED STATES DISTRICT JUDGE

3:06cv274HTW-JCS